IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.,* [1] <br><br><br> Remaining Debtors. | Chapter 11 <br><br> Case No. 17-12560(BLS) <br><br> (Jointly Administered) |
| MICHAEL GOLDBERG, in his capacity as Liquidating Trustee of the WOODBRIDGE LIQUIDATION TRUST, <br><br> Plaintiff, <br><br> vs. <br><br> ASSET MANAGEMENT CONSULTANTS OF NC, INC., and CARLTON SCOTT PHILLIPS, <br><br> Defendants. | Adversary Proceeding <br> Case No. 19-50929 (BLS) |

## ANSWER

NOW COME Defendants Asset Management Consultants of NC, Inc. ("AMCNC") and Carlton Scott Phillips ("Phillips"), and file this answer to Plaintiff's Complaint, respectfully stating as follows:

Responding to the allegations contained in the numbered paragraphs of the Complaint, Defendants state:

1. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 1 of the Complaint and therefore deny those allegations.

2. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 2 of the Complaint and therefore deny those allegations.

1

3.      Defendants admit that paragraph 3 of the Complaint contains a statement in which Plaintiff states its purported purpose for filing in this lawsuit. However, Defendants deny that Plaintiff is entitled to the relief requested.

4.      Admitted.

5.      Admitted.

6.      Admitted.

7.      Admitted.

8.      Admitted.

9.      Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 9 of the Complaint and therefore deny those allegations.

10.      Admitted.

11.      Admitted.

12.      Admitted.

13.      Defendants deny that Defendant Phillips resides in state of North Carolina. Defendant Phillips resides in the state of South Carolina. Defendants admit that Defendant AMCNC is a North Carolina Corporation. Defendants further admit that Defendants provide financial advisory services. Except as expressly admitted herein, Defendants deny the allegations contained in paragraph 13 of the Complaint.

14.      Denied.

15.      Defendants admit that paragraph 15 contains a quotation from the Bankruptcy Court's plan confirmation order, the terms of which speak for themselves. Except as expressly admitted herein, Defendants deny the allegations contained in paragraph 15 of the Complaint

16.     Responding to paragraph 16 of the Complaint, Defendants state that Defendant Phillips is a registered investment advisor but is not affiliated with any broker-dealer. Except as expressly admitted herein, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 16 of the Complaint and therefore deny those allegations.

17.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 17 of the Complaint and therefore deny those allegations.

18.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 18 of the Complaint and therefore deny those allegations.

19.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 19 of the Complaint and therefore deny those allegations.

20.     Defendants admit that Defendant AMCNC received some payments within the 90 day period preceding the bankruptcy case. Except as expressly admitted herein, the allegations contained in paragraph 20 are denied.

21.     Defendants admit that Defendant AMCNC received some payments within the two-year period preceding the bankruptcy case. Except as expressly admitted herein, the allegations in paragraph 21 are denied.

22.     Defendants admit that Defendant AMCNC received some payments within the four-year period preceding the bankruptcy case. Except as expressly admitted herein, the allegations in paragraph 22 are denied.

23.     Defendants restate their responses to paragraphs 1 through 22 as if fully set forth herein.

24.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 24 of the Complaint and therefore deny those allegations.

25. Defendants admit that some payments were made to Defendant AMCNC. Except as expressly admitted herein, the allegations contained in paragraph 25 are denied.

26. Denied.

27. Denied.

28. Defendants restate their responses to paragraphs 1 through 27 as if fully set forth herein.

29. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 29 of the Complaint and therefore deny those allegations.

30. Denied.

31. Defendants admit that some payments were made for the benefit of Defendant AMCNC. Defendants deny that any transfer was made to or for the benefit of Defendant Phillips. Except as expressly admitted herein, the allegations contained in paragraph 31 are denied.

32. Denied.

33. Defendants restate their responses to paragraphs 1 through 32 as if fully set forth herein.

34. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 34 of the Complaint and therefore deny those allegations.

35. Denied.

36. Defendants admit that some payments were made for the benefit of Defendant AMCNC. Defendants deny that any transfer was made to or for the benefit of Defendant Phillips. Except as expressly admitted herein, the allegations contained in paragraph 36 are denied.

37. Denied.

38. Defendants restate their responses to paragraphs 1 through 37 as if fully set forth herein.

39. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 39 of the Complaint and therefore deny those allegations.

40. Denied.

41. Defendants admit that some payments were made for the benefit of Defendant AMCNC. Defendants deny that any transfer was made to or for the benefit of Defendant Phillips. Except as expressly admitted herein, the allegations contained in paragraph 41 are denied.

42. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 42 of the Complaint and therefore deny those allegations.

43. Denied.

44. Denied.

45. Defendants restate their responses to paragraphs 1 through 44 as if fully set forth herein.

46. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 46 of the Complaint and therefore deny those allegations.

47. Denied.

48. Defendants admit that some payments were made for the benefit of Defendant AMCNC. Defendants deny that any transfer was made to Defendant Phillips. Except as expressly admitted herein Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. Denied.

50. Denied.

51. Denied.

52. Defendants restate their responses paragraph one through 51 as if fully set forth herein.

53. Paragraph 53 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

54. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 54 of the Complaint and therefore deny those allegations.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Defendants restate their responses paragraphs 1 through 58 as if fully set forth herein.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Defendants restate their responses to Paragraphs 1 through 64 is a fully set forth herein.

66. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 66 of the Complaint and therefore deny those allegations.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Except as expressly admitted in the foregoing paragraphs, Defendants deny all allegations contained in the Complaint and deny that Plaintiff is entitled to any of the relief requested.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to plead its claims of fraud with particularity.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine in *in pari delicto*.

## SIXTH AFFIRMATIVE DEFENSE

To the extent Defendants received any transfers within the 90-day period prior to the commencement of the bankruptcy case, such transfers are protected from avoidance pursuant to the ordinary course of business defense provided by 11 U.S.C. § 547(c)(2).

### SEVENTH AFFIRMATIVE DEFENSE

To the extent Defendants received any transfers within the 90-day period prior to the commencement of the bankruptcy case, such transfers are protected from avoidance pursuant to the subsequent new value defense provided by 11 U.S.C. § 547(c)(4).

### EIGHTH AFFIRMATIVE DEFENSE

To the extent that any transfers were made to Defendants, they were made in exchange for value and received in good faith within the meaning of 11 U.S.C. § 548(c).

### NINTH AFFIRMATIVE DEFENSE

Defendant Phillips was not the initial transferee of any transfer. To the extent Defendant Phillips constitutes an immediate or mediate transferee within the meaning of 11 U.S.C. § 550(a)(2), Defendant Phillips received any transfer for value, in good faith, and without knowledge of the voidability of the transfer.

### TENTH AFFIRMATIVE DEFENSE

To the extent any transfers were made to Defendants, they were received in good faith and for reasonably equivalent value within the meaning of California Civil Code section 3439.08(a).

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent any transfers were made to Defendants, they were received in good faith for value within the meaning of California Civil Code section 3439.08(d).

### TWELFTH AFFIRMATIVE DEFENSE

Defendant Phillips was not the initial transferee of any transfer. To the extent Defendant Phillips constitutes an immediate or mediate transferee within the meaning of California Civil

Code section 3439.08(b)(1)(B)(i), Defendant Phillips received any transfer for value and in good faith.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert any affirmative defense that may be discovered through the discovery process.

WHEREFORE, Defendants respectfully request that Plaintiff's Complaint be dismissed with prejudice, that the costs of this action be taxed against Plaintiff, and for such other relief the Court deems just and appropriate.

[Signatures on Following Page]

February 7, 2020                              **SMITH, KATZENSTEIN & JENKINS LLP**


*/s/ Kathleen M. Miller*
Kathleen M. Miller (DE Bar No. 2898)
1000 West Street, Suite 1501
Wilmington, DE 19801
Telephone:302-652-8400
Email: kmiller@skjlaw.com

and

**HULL & CHANDLER, P.A.**
Felton E. Parrish
NC State Bar No. 25448
1001 Morehead Square Drive, Suite 450
Charlotte, NC 28203
Telephone: 704.375.8488
Facsimile: 704.512.0525
fparrish@lawyercarolina.com


*Attorneys for Defendants*